UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON DECOUX AND JAMES MELLO, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, § § § § § § § | | |
| PLAINTIFFS § § | | |
| v. § § | CIVIL ACTION NO. 5:22-cv-773 | |
| HEMMERSBACH ONSITE SERVICE US, LLC , § § § § § | | |
| DEFENDANT § | | |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Aaron Decoux and James Mello ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members") (Named Plaintiffs and Class Members are collectively referred as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. Aaron Decoux and James Mello also bring an individual cause of action against Defendant for retaliation.

### I. INTRODUCTION

1. Defendant Hemmersbach Onsite Service US, LLC ("Defendant") provides tech support to Hewlett Packard within the United States.

2. When a Hewlett Packard ("HP") customer experiences an issue with an HP device that is still under warranty, HP creates a warranty service ticket, and provides this ticket to Hemmersbach Onsite Service US LLC ("Hemmersbach").

3. Hemmersbach will then distribute these repair tickets to one of their repair technicians closest to the customer.
4. Once a repair technician receives a ticket, he or she will schedule an appointment with the customer, pick up the replacement parts (if any) from the closest FedEx office, and then drive to the client's premises to perform the repair work.
5. Hemmersbach employs a payroll policy that automatically deducts an hour from each repair technician's time every day, regardless of whether a lunch is taken.
6. Named Plaintiffs, as well as a number of other techs, consistently worked over forty hours per week.
7. Named Plaintiffs, as well as a number of other techs, did not have time to take an uninterrupted hour long lunch each day.
8. In fact, Named Plaintiffs rarely, if ever, took lunch at all.
9. Named Plaintiffs and others notified Hermmersbach about this fact, and asked Hemmersbach to stop automatically deducting one hour per day from their pay.
10. Hemmbersbach refused to stop or alter its auto-deduct policy.
11. Named Plaintiff Mello also sent documentation to Hemmbersbach's Human Resources department explaining that it was illegal to dock an employee's pay for lunch if the employee is actually working through lunch.
12. Named Plaintiff Decoux also communicated with Hemmbersbach's Human Resources department, verbally explaining that it was illegal to dock an employee's pay for lunch if the employee is actually working through lunch.
13. In spite of the complaints and documentation provided to Hemmersbach's HR, Hemmbersbach refused to stop automatically deducting one hour per day from Named Plaintiffs' time.

14. To make matters worse, Named Plaintiffs' supervisor informed them that they and other repair techs had too many overtime hours.

15. As a result, Named Plaintiffs' supervisor asked Named Plaintiffs and others to edit their timesheets by eliminating some or all hours worked over forty per week.

16. Named Plaintiffs complained to Hemmersbach's Human Resources department about the fact that their supervisor was not only engaging in time-card fraud, but was actively seeking to enlist Named Plaintiffs' help in this time-card fraud.

17. Shortly thereafter, Named Plaintiffs were fired.

18. Because there are other putative Plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and Defendant's auto deduction policies, Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

19. Decoux and Mello also bring individual claims for retaliation under the FLSA for their illegal discharge.

## II. PARTIES

20. Named Plaintiff Aaron Decoux is an individual residing in this judicial district. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit A.

21. At all relevant times, Decoux was an "employee" of Defendant as defined by the FLSA.

22. At all relevant times, Defendant was the "employer" of Decoux as defined by the FLSA.

23. Named Plaintiff James Mello is an individual residing in this judicial district. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit B.

24. At all relevant times, Mello was an "employee" of Defendant as defined by the FLSA.

25. At all relevant times, Defendant was the "employer" of Mello as defined by the FLSA.

26. Plaintiffs are Defendant's current and former repair technicians across the nation who were paid hourly and whose pay was automatically docked one hour per day for lunch, irrespective of whether a lunch was taken.

27. Defendant is a foreign limited liability company doing business in Texas that was formed and exists under the laws of the State of Delaware. Corporation Service Company is the agent for service of process, and service can be had at 211 E. 7th St., Suite 620, Austin, Texas 78701.

28. Defendant was the employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

### III. JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

30. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Named Plaintiffs in Texas and has committed actions in Texas that give rise to this cause of action.

31. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendant does business in this Division, and Named Plaintiffs were employed in this Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

32. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

33. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

35. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

36. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

37. Named Plaintiffs and those similarly situated handled and otherwise worked on and/or with computers, computer parts, vehicles and telephones that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

38. Defendant employed Named Plaintiffs and those similarly situated during the three-year period preceding the filing of this Original Complaint. Named Plaintiffs and those similarly situated were repair technicians working throughout the United States.

39. Defendant docked one hour's pay from Named Plaintiffs and those similarly situated every day they worked, regardless of whether they took a lunch break.

40. Because Named Plaintiffs and those similarly situated regularly worked more than forty hours per week, Defendant failed to pay Named Plaintiffs and those similarly situated all overtime compensation they were due for all hours worked over forty per week.

41. Named Plaintiffs and those similarly situated were non-exempt employees.

42. Named Plaintiffs and those similarly situated were required to comply with Defendant's policies and procedures in performing their work during their employment with Defendant.

43. At all times relevant hereto, Defendant knew of, approved of, and benefited from the regular and overtime work of Named Plaintiffs and those similarly situated.

44. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

45. Defendant's actions were willful and in blatant disregard for the federally protected rights of Named Plaintiffs and those similarly situated.

## VI. COLLECTIVE ACTION ALLEGATIONS

46. Named Plaintiffs and the Class Members have performed—and are performing—the same or similar job duties as one another in that they perform computer repair work for Hewlett Packard. Further, Named Plaintiffs and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for all hours worked over forty in a workweek as a result of Defendant's automatic lunch deduction. Thus, the Class Members are owed one and one-

half their regular hourly rate for all wrongfully docked hours worked over forty in a week without regard to their individualized circumstances.

47. Defendant has a policy or practice of not paying their repair technicians all overtime wages they are due as a result of its auto deduction of one hour per day from its repair technicians' time. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former employees of Defendant working as repair technicians or performing similar duties who worked through lunch or who took less than a one hour lunch and who were docked one hour for lunch each day.**

## VII. CAUSES OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

48. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiffs or Class Members.

## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Individual Plaintiffs Aaron Decoux and James Mello incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

51. Shortly after notifying Defendant's Human Resources department that Defendant's policies automatically deducting time for lunch are illegal if an employee works through lunch, and within days of complaining to Defendant's Human Resources department about their supervisor's timecard fraud, Decoux and Mello were discharged from their positions with Defendant.

52. As such, Decoux and Mello bring this retaliation action because Defendant's discharge of them has violated the anti-retaliation provisions of FLSA. Decoux and Mello seek recovery of their lost wages, punitive damages, and attorney fees and costs.

53. Defendant's actions in violation of the anti-retaliation provision of the FLSA were willful.

54. Defendant violated the provisions of 29 U.S.C. § 215(a)(3) by terminating Decoux's and Mello's employment and otherwise discriminating against them because they engaged in protected activity under the FLSA. Decoux and Mello have suffered damages as a result of Defendant's violations of 29 U.S.C. § 215(a)(3), including, without limitation, lost or diminished wages and attorney fees.

55. Defendant knowingly, willfully, wantonly, and/or with reckless disregard carried out its retaliation against Decoux and Mello in violation of 29 U.S.C. § 215(a)(3).

# VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiffs pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, on trial of this cause, judgment against Defendant Hemmersbach Onsite Service US, LLC as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees; and

e. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.;

g. Further, Plaintiffs Decoux and Mello seek all actual damages associated with Defendant's illegal retaliation against them for engaging in protected activity, including all actual damages, an equal amount as liquidated damages, and all attorney's fees, costs and pre-judgment interest as well as post-judgment interest.

g. Finally, Plaintiffs seek an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**