UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON DECOUX AND JAMES MELLO, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CASE NO. 5:22-cv-773-FB |
| HEMMERSBACH ONSITE SERVICE US, LLC , | § § § § | |
| DEFENDANT | § | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT  AGREEMENT AND STIPULATION OF  DISMISSAL WITH PREJUDICEOF LAWSUIT**

NOW COME, Plaintiffs Aaaron Decoux and James Mello and Defendant Hemmersbach Onsite Services US, LLC (collectively the "Parties"), and file this Joint Motion for Approval of FLSA Settlement and Stipulation of  Dismissal with Prejudice of Lawsuit. In support of their joint motion, the Parties show the court as follows:

1. Plaintiffs and Defendant have reached a settlement of the pending unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The settlement was the result of arm's-length negotiations, conducted by experienced counsel for all parties, after formally and informally exchanging information, and engaging in substantial negotiations over several months. The terms of the settlement are reasonable and appropriate and fair to all parties involved. Accordingly, the Parties respectfully request that this Court approve the Settlement Agreement and  enter an order dismissing this lawsuit with prejudice.

2. A Motion to File the Settlement Agreement under Seal for in camera review is

being filed simultaneously with this motion.

3. This is a purported collective action brought pursuant to the FLSA, although conditional certification had neither been sought nor granted prior to agreeing to a settlement. The lawsuit was filed on July 20, 2022. In the lawsuit, Plaintiffs alleged that Defendant failed to comply with the FLSA auto-deducting one hour for lunch each day, regardless of whether Plaintiffs took a lunch or worked through lunch. Plaintiffs also claimed Defendant retaliated against them for complaining about this practice. Plaintiffs sought unpaid back wages for overtime hours allegedly worked, liquidated damages, pre- and post-judgment interest, attorney's fees, expenses and costs. Defendant has, at all times, denied any liability or wrongdoing and vigorously dispute Plaintiffs' claims.

4. The Parties now seek court approval of their agreed settlement agreement. The settlement agreement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's compensation practices with respect to Plaintiffs; whether Plaintiffs are entitled to compensation; the amount of hours allegedly worked by Plaintiffs; and the amount of payment that may be due, if any.

5. Prior to engaging in settlement discussions, Plaintiffs and Defendant independently and thoroughly investigated the claims and defenses at issue. Eventually, a settlement was reached in this case through formal and informal settlement negotiations. The settlement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. After the parties reached an agreement

on the settlement, the parties engaged in extensive negotiations concerning the specific terms of the agreed upon settlement documents.

6. The details of the proposed settlement are set forth in the Settlement Agreement which is submitted to the court under seal for *in camera* review. The Settlement Agreement explains the terms of the settlement, the scope of the release, and the settlement amount.

7. The Parties now seek court approval of the settlement under the FLSA. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *Camp v. The Progressive Corp, et al*, 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement). The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial, and in the best interests of all Parties.

8. Because of the various defenses asserted by Defendant and the possibility that Defendant may have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of the claims. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with trial and appeal.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Aaaron Decoux and James Mello and Defendant Hemmersbach Onsite Services US, LLC respectfully pray that the court: (a)

approve this settlement, including all of the terms set forth in the Settlement Agreement; (b) sign the attached Order approving the settlement and dismissing the lawsuit with prejudice.

DATED: January 17, 2023

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

*ATTORNEY FOR PLAINTIFF*

/s/ *John M. Lynch*
Jonathan A. Beckerman, Esq.
Texas Bar No. 24068433
Lewis, Brisbois, Bisgaard & Smith, LLP
2100 Ross Ave., Suite 2000
Dallas, Texas 75202
Tel: 214-722-7100
Facsimile: 214-722-7100
Jonathan.Beckerman@lewisbrisbois.com

John M. Lynch, Esq.
Texas Bar No. 24063968
Lewis, Brisbois, Bisgaard & Smith, LLP
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
Tel: (214) 722-7100
Facsimile: (214) 722-7111
John.Lynch@lewisbrisbois.com

Zascha Blanco Abbott, Esq.
Florida Bar No. 0614671
(*Admitted Pro Hac Vice*)
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Street, Suite 2600
Ft. Lauderdale, FL 33330
T: 954-728-1280
F: 954-728-1282
Zascha.abbott@lewisbrisbois.com

*COUNSEL FOR DEFENDANT*

-5-

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of January, 2023, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, Western District of Texas, San Antonio Division, using the electronic case filing system of the court. The Electronic case files system sends a "Notice of Electronic Filing" to all counsel who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *John M. Lynch*
John M. Lynch